

April 13, 2023

**Via FOIA STAR Portal**

Office of Information Policy
United States Department of Justice
441 G Street NW, 6th Floor
Washington, DC 20530
Attn: Director

**Freedom of Information Act Request 1578086-000: Appeal of Denial**

Dear Director:

This appeals the Federal Bureau of Investigation's ("FBI") denial of America First Legal Foundation's ("AFL") Freedom of Information Act ("FOIA") Request No. 1578086-000 (Exhibit 1). The denial rests on an assertion that the personal privacy interest of Secretary Mayorkas outweighs the public interest in disclosure.

**I.   Standard of review**

FOIA is meant "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). FOIA "directs that 'each agency, upon any request for records … shall make the records promptly available to any person' unless the requested records fall within one of the statute's nine exemptions." *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008).

**II.   FBI's denial lacks legal foundation**

FBI denied FOIA Request 1578086-000. This is the entirety of its justification:

> The records on third party individual(s) you requested are categorically denied pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). Please be advised that you have not sufficiently demonstrated that the public's interest in disclosure (relating to the operations and activities of the government) outweigh the personal privacy interests of these individual(s). While the existence of FBI records is acknowledged, the records are exempt from disclosure as

> processing these third party records would constitute an unwarranted invasion of personal privacy.

(Exhibit 2 at 1). Circuit law is clear: Agencies must initially determine whether disclosure of records would compromise a substantial, as opposed to de minimis, privacy interest, because if no significant privacy interest is implicated, then FOIA "demands disclosure." U.S. Dep't of Just., *Guide to the Freedom of Information Act Exemption 6* at 9 (Feb. 13, 2022), http://bit.ly/3GHY9LD (citing *Multi Ag Media LLC v. USDA*, 515 F.3d 1224, 1229 (D.C. Cir. 2008)).

FBI wrongly failed to explain how disclosing records pertaining to the background investigations on Secretary Mayorkas pose a threat to the Secretary's privacy, as it was required to do. FBI also wrongly failed to identify the substantial privacy interest supposedly implicated by the subject request, or otherwise demonstrate that it had fairly analyzed the body of responsive records and made a good faith decision to withhold. Further, FBI provided no analysis explaining how these interests should be weighed against the public interest in disclosure, instead merely asserting that the privacy interests prevail. This is not the law, and it resulted in an improper resolution of this FOIA request.

Further, the U.S. District Court for the District of Columbia has previously ordered the release of SF-86 forms pertaining to cabinet-level officials, showing that a categorical exemption is inappropriate in this case. *See Am. Oversight v. U.S. Dep't of Just.*, 375 F. Supp. 3d 50 (D.D.C. 2019). Only routine uses of background investigations are protected by the Privacy Act, and disclosure to congressional committees is not a routine use. Accordingly, Secretary Mayorkas's background investigation materials as produced to Congress must be provided to requesters pursuant to FOIA.

AFL is willing to work with FBI in good faith to address its concerns, but the FBI's categorical denial is contrary to the law and should not stand.

> Sincerely,
>
> /s/ Michael Ding
> Michael Ding
> America First Legal Foundation

# EXHIBIT 1



January 6, 2022

**Via FOIA Portal**

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602

**Freedom of Information Act Request: FBI Background Investigation of Alejandro Mayorkas for Senate Confirmation as United States Secretary of Homeland Security:**

Dear FOIA Officer:

America First Legal Foundation is a national, nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, and ensure due process and equal protection for all Americans, all to promote public knowledge and understanding of the law and individual rights guaranteed under the Constitution and laws of the United States. To that end, we file Freedom of Information Act (FOIA) requests on issues of pressing public concern, then disseminate the information we obtain, making documents broadly available to the public, scholars, and the media. Using our editorial skills to turn raw materials into distinct work, we communicate with a national audience through traditional and social media platforms. AFL's email list contains over 45,000 unique addresses, our Twitter page has 50,000 followers, the Twitter page of our Founder and President has over 370,000 followers, our Facebook page has 105,000 followers, and we have another approximately 31,600 followers on GETTR.

I.   Introduction

As part of Congress's constitutional "advise and consent" role, each nominee to Senate-confirmed positions must undergo a Federal Bureau of Investigation (FBI) background investigation. The disclosure of this type of background investigation is governed by the Privacy Act, 5 U.S.C. § 552a, prohibiting disclosure unless the subject of the background investigation consented to the disclosure. Absent the subject of the record's consent, intra-agency disclosures waive this privilege unless the disclosure

constitutes a "routine use" of the record.[1] An agency must provide notice of the routine use by publishing the notice in the Federal Register. Furthermore, a disclosure is unauthorized, regardless of whether the disclosure has a qualifying routine use purpose, if the agency fails to provide notice.

In the case of the current Secretary of Homeland Security Alejandro Mayorkas, the FBI provided neither actual nor constructive notice of a routine use for sharing his background investigation with the Senate Committee on Homeland Security and Governmental Affairs. Therefore, distribution of the background investigation to congressional committees waives any § 552a protections.

Case law from the D.C. Circuit holds that the SF-86 security clearance questionnaire and associated background investigation documents, once disclosed to Congress, are waived for purposes of withholding under FOIA.[2] Only routine uses of the background investigation are protected by the Privacy Act, and disclosure to congressional committees is not a routine use. Accordingly, Mayorkas's background investigation materials as produced to Congress must be provided to requesters pursuant to FOIA.

The Biden Administration is following the lead of the Obama Administration by failing to abide by these procedures and limiting which information is accessible to members of Congress. Thus, to ensure that a similar measure of oversight and scrutiny is applied to the Biden Administration's cabinet nominations, AFL requests the following records pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

## II.   Requested Records

1. All records and all versions of the FBI background investigation, Form SF-86 and any supporting security clearance documentation, including waiver forms, that were both completed, regardless of completion date(s), by Alejandro Mayorkas or his designees for the purposes of allowing the FBI to conduct a background investigation as part of his nomination for **Secretary of Homeland Security** and as produced to or shared with Senate Homeland Security and Governmental Affairs majority staff or any other congressional staff.

2. All records and versions of the FBI background investigation, Form SF-86 and any supporting security clearance documentation, including waiver forms, that were both completed, regardless of completion date(s), by Alejandro Mayorkas or his designees for the purposes of allowing the FBI to conduct a background investigation as part of his nomination for **Deputy Secretary of Homeland Security** and as produced to or shared with Senate Homeland Security and Governmental Affairs majority staff or any other congressional staff.

---

[1] 5 U.S.C § 552a(b)(3).
[2] *See Am. Oversight v. U.S. Dep't of Just.*, 375 F. Supp. 3d 50 (D.D.C. 2019).

3. All records and versions of the FBI background investigation, Form SF-86 and any supporting security clearance documentation, including waiver forms, that were both completed, regardless of completion date(s), by Alejandro Mayorkas or his designees for the purposes of allowing the FBI to conduct a background investigation as part of his nomination for **Director of the United States Citizenship and Immigration Service** and as produced to or shared with Senate Homeland Security and Governmental Affairs majority staff or any other congressional staff.

4. All records and versions of the FBI background investigation, Form SF-86 and any supporting security clearance documentation, including waiver forms, that were both completed, regardless of completion date(s), by Alejandro Mayorkas or his designees for the purposes of allowing the FBI to conduct a background investigation as part of his nomination for **United States Attorney for the Central District of California** and as produced to or shared with Senate Homeland Security and Governmental Affairs majority staff or any other congressional staff.

### III.   Processing Requirements

The FBI must comply with the processing guidance in the Attorney General's Memorandum on Freedom of Information Act Guidelines.[3]

### IV.   Expedited Processing

AFL requests expedited processing of this request. In support thereof, AFL certifies its compelling need for expedited processing under 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e), which provides in relevant part:

> *(e) Expedited processing. (1) Requests and appeals shall be processed on an expedited basis whenever it is determined that they involve…(ii) An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information: or (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.*

The FBI must grant expedited processing to requests involving an urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information.[4] By this test, AFL should be granted expedited processing. First, several federal agencies have acknowledged

---

[3] U.S. Dep't of Just. (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download.
[4] 5 U.S.C. §§ 552(a)(6)(E)(i)(I), 552(a)(6)(E)(v)(II); *see also* 28 C.F.R. §§ 16.5(e)(ii).

3

AFL is primarily engaged in disseminating information. Second, the background of the Secretary of Homeland Security is assuredly a matter of "actual or alleged Federal Government activity." Third, the common public meaning of "urgency" at the time of § 552(a)(6)(E)(v)(II)'s enactment was "the quality or state of being urgent." The common public meaning of "urgent", in turn, was "requiring or compelling speedy action or attention."[5] The public's interest in preserving the sanctity of our borders cannot be overstated.

As many federal agencies have acknowledged in granting AFL expedited processing, AFL is primarily engaged in disseminating information. Additionally, there is an urgency to inform the public regarding Secretary Mayorkas' background investigation, given his authority over the unprecedented neglect of American borders and his central role in triggering both a massive humanitarian crisis and national security vulnerabilities for every American citizen. Specifically, Secretary Mayorkas has facilitated historic violations of United States immigration law, endangered United States sovereignty by ceding operational control of the United States-Mexico border to Mexican drug cartels, placed Americans at heightened risk of violence and injury as a result of both massive increases in unlawful entries of foreign nationals and the influx of lethal fentanyl, and has been embarrassingly dismissive of this untenable crisis at the border as "nothing new."[6] This is a pressing matter of critical national importance.

Secretary Mayorkas is also likely to be impeached by the United States House of Representatives in 2023 for his above-described gross negligence, thereby failing in his required constitutional duty to "support and defend the Constitution of the United States against all enemies, foreign and domestic."[7] Information about his fitness for his current and past positions, and indeed, even whether he was fit for previous confirmation, is highly relevant to future impeachment proceedings.

Our request also meets the FBI's regulatory test for expedited processing based on a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence. As already discussed, both requirements are met here, because there has been extensive public interest in Secretary Mayorkas and his failure to protect the American people from the dangerous individuals, weapons, and drugs flooding into the United States at

---

[5] The FOIA must be interpreted in accord with the ordinary public meaning of its terms at the time of enactment. *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1738 (2020).
[6] Ron Blitzer, *Mayorkas Says as Many as 12K Out of 17K Migrants Have Been Released Into Us, and 'It Could Be Higher'*, FOX NEWS, Sept. 26, 2021, https://tinyurl.com/yfeh2jn5.
[7] AP, *Mayorkas Takes Oath as Homeland Security Chief*, YOUTUBE (Feb. 2, 2021), https://tinyurl.com/b64yn4m9.

4

unprecedented rates. This request seeks to expose those circumstances to public inspection before irreparable harm is done to the nation's interest and in violation of the law. AFL is an organization engaged in gathering, analyzing, and disseminating information, and there is great urgency to inform the public concerning events of intense public interest. Moreover, the allegations at hand go directly to public confidence in the integrity of the government. For these reasons, our expedited processing request should be granted.

In fact, the impending impeachment of Secretary Mayorkas, in itself, is sufficient to justify our request for expedited processing. The information contained in Secretary Mayorkas's previous FBI background investigations is vital to exploring his alleged fitness to hold his current office. The District Court of the District of Columbia has held that expedited processing is appropriate where the information is closely related to an ongoing impeachment inquiry if the purpose of the request is "to inform the public on a matter of extreme national concern" because "[o]nly an informed electorate can develop its opinions and persuasively petition its elected officials to act in ways which further the aims of those opinions."[8] Furthermore, the FBI should grant AFL expedited processing under the department's expanded regulatory test for matters of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence, even if it concludes AFL fails the statutory test.[9] The issue of government failing to secure our own borders and fueling increased threats to the homeland has become a major concern of the American people.[10] Accordingly, AFL's expedited processing request should be granted.

Expedited processing in this case also would not significantly delay other requests given the very specific and easily locatable nature of AFL's FOIA requests and the extremely limited time window. Finally, by way of this letter, AFL certifies its compelling need for expedited processing for the purposes of 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e)(3).

---

[8] *Ctr. for Pub. Integrity v. United States Dep't of Def.*, 411 F. Supp. 3d 5, 10 (D.D.C. 2019) (granting the expedited processing where information sought by a nonprofit, non-advocacy, independent journalism organization "inform[s] an imminent public debate" related to impeachment inquiry); *see also Am. Oversight v. U.S. Dep't of State*, No. 19-cv-2934-CRC, 414 F.Supp.3d 182, 2019 WL 5665930 (D.D.C. Oct. 25, 2019).
[9] *See* 28 C.F.R. § 16.5(e)(1)(iv).
[10] *See e.g.*, R. Cort Kirkwood, *Democrat Donors Inside FBI Ran Biden Laptop Censorship Operation*, NEW AMERICAN (Oct. 12, 2022), https://bit.ly/3DjrpXD.

5

## V.     Fee Waiver

Per 5 U.S.C. § 552(a)(4)(A)(iii) and 7 CFR § 1.12(o), AFL requests a waiver of all search and duplication fees associated with this request. We believe AFL's non-commercial commitment to public education and transparency justifies this fee waiver. We are, of course, available to provide additional information in writing or offline in support of this request.

## VI. Production

To accelerate release of responsive records, AFL welcomes production on an agreed rolling basis.

If possible, please provide responsive records in an electronic format by email. Alternatively, please provide responsive records in native format or in PDF format on a USB drive. Please send any responsive records being transmitted by mail to America First Legal Foundation, 611 Pennsylvania Ave SE #231, Washington, DC 20003.

## VII.     Conclusion

If you have any questions about how to construe this request for records or believe further discussions regarding search and processing would facilitate a more efficient production of records of interest to AFL, please do not hesitate to contact me at FOIA@aflegal.org. Finally, if AFL's request for a fee waiver is not granted in full, please contact us immediately upon making that determination.

      Sincerely,

      <u>/s/ Michael Ding</u>
      America First Legal Foundation

# EXHIBIT 2

U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 13, 2023

MR. MICHAEL DING
AMERICA FIRST LEGAL FOUNDATION
NUMBER 231
611 PENNSYLVANIA AVENUE SOUTHEAST
WASHINGTON, DC 20003

FOIPA Request No.: 1578086-000
Subject: MAYORKAS, ALEJANDRO
(FBI Background Investigation)

Dear Mr. Ding:

This is in response to your Freedom of Information Act (FOIA) request to the FBI. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

The FBI has completed its search for records subject to the FOIA that are responsive to your request. The records on third party individual(s) you requested are categorically denied pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). Please be advised that you have not sufficiently demonstrated that the public's interest in disclosure (relating to the operations and activities of the government) outweigh the personal privacy interests of these individual(s). While the existence of FBI records is acknowledged, the records are exempt from disclosure as processing these third party records would constitute an unwarranted invasion of personal privacy. As a result, your request is closed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

If your request was submitted using the FBI's eFOIPA system, please be advised that your request is not consistent with our terms of service. Therefore, correspondence is being sent to your through standard mail.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosure(s)

# FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.  Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.  Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).**  Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].  FBI responses are limited to those records subject to the requirements of the FOIPA.  Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **Intelligence Records.**  To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].  The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].  This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.**  The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].  This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records about any Individual—Witness Security Program Records.**  The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].  This is a standard response and should not be read to indicate that such records do or do not exist.

(iii) **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches and Standard Search Policy.**  The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

      a. *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
      b. *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii) **FBI Records.**  Founded in 1908, the FBI carries out a dual law enforcement and national security mission.  As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Foreseeable Harm Standard.**  As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)).   The FBI considers this foreseeable harm standard in the processing of its requests.

(iv) **Requests for Criminal History Records or Rap Sheets.**  The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."  An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ