UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>　*Plaintiff*,<br><br>　　　　　　v.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>　*Defendants*. | Civil Action No. 23-2172 (BAH) |

# Exhibit A

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2023-01-06T19:02:45.350772+00:00 Status: pending Message:

# Organization Representative Information

| | |
|---:|:---|
| **Organization Name** | America First Legal Foundation |
| **Prefix** | |
| **First Name** | Michael |
| **Middle Name** | |
| **Last Name** | Ding |
| **Suffix** | |
| **Email** | foia@aflegal.org |
| **Phone** | |
| **Location** | United States |

# Domestic Address

| | |
|---:|:---|
| **Address Line 1** | 611 Pennsylvania Ave SE #231 |
| **Address Line 2** | |
| **City** | Washington |
| **State** | District of Columbia |
| **Postal** | 20003 |

# Agreement to Pay

| | |
|---|---|
| How you will pay | I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below. |
| Allow up to $ | 25 |

## Proof Of Affiliation for Fee Waiver

| | |
|---|---|
| Waiver Explanation | Please see attached request letter. |
| Documentation Files | |

## Non-Individual FOIA Request

| | |
|---|---|
| Request Information | Please see attached request letter. |

## Expedite

| | |
|---|---|
| Expedite Reason | Please see attached request letter. |

\*\*

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

\*\*

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----



January 6, 2022

**Via FOIA Portal**

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602

**Freedom of Information Act Request: FBI Background Investigation of Alejandro Mayorkas for Senate Confirmation as United States Secretary of Homeland Security:**

Dear FOIA Officer:

America First Legal Foundation is a national, nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, and ensure due process and equal protection for all Americans, all to promote public knowledge and understanding of the law and individual rights guaranteed under the Constitution and laws of the United States. To that end, we file Freedom of Information Act (FOIA) requests on issues of pressing public concern, then disseminate the information we obtain, making documents broadly available to the public, scholars, and the media. Using our editorial skills to turn raw materials into distinct work, we communicate with a national audience through traditional and social media platforms. AFL's email list contains over 45,000 unique addresses, our Twitter page has 50,000 followers, the Twitter page of our Founder and President has over 370,000 followers, our Facebook page has 105,000 followers, and we have another approximately 31,600 followers on GETTR.

## I.   Introduction

As part of Congress's constitutional "advise and consent" role, each nominee to Senate-confirmed positions must undergo a Federal Bureau of Investigation (FBI) background investigation. The disclosure of this type of background investigation is governed by the Privacy Act, 5 U.S.C. § 552a, prohibiting disclosure unless the subject of the background investigation consented to the disclosure. Absent the subject of the record's consent, intra-agency disclosures waive this privilege unless the disclosure

constitutes a "routine use" of the record.[1] An agency must provide notice of the routine use by publishing the notice in the Federal Register. Furthermore, a disclosure is unauthorized, regardless of whether the disclosure has a qualifying routine use purpose, if the agency fails to provide notice.

In the case of the current Secretary of Homeland Security Alejandro Mayorkas, the FBI provided neither actual nor constructive notice of a routine use for sharing his background investigation with the Senate Committee on Homeland Security and Governmental Affairs. Therefore, distribution of the background investigation to congressional committees waives any § 552a protections.

Case law from the D.C. Circuit holds that the SF-86 security clearance questionnaire and associated background investigation documents, once disclosed to Congress, are waived for purposes of withholding under FOIA.[2] Only routine uses of the background investigation are protected by the Privacy Act, and disclosure to congressional committees is not a routine use. Accordingly, Mayorkas's background investigation materials as produced to Congress must be provided to requesters pursuant to FOIA.

The Biden Administration is following the lead of the Obama Administration by failing to abide by these procedures and limiting which information is accessible to members of Congress. Thus, to ensure that a similar measure of oversight and scrutiny is applied to the Biden Administration's cabinet nominations, AFL requests the following records pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

## II. Requested Records

1. All records and all versions of the FBI background investigation, Form SF-86 and any supporting security clearance documentation, including waiver forms, that were both completed, regardless of completion date(s), by Alejandro Mayorkas or his designees for the purposes of allowing the FBI to conduct a background investigation as part of his nomination for **Secretary of Homeland Security** and as produced to or shared with Senate Homeland Security and Governmental Affairs majority staff or any other congressional staff.

2. All records and versions of the FBI background investigation, Form SF-86 and any supporting security clearance documentation, including waiver forms, that were both completed, regardless of completion date(s), by Alejandro Mayorkas or his designees for the purposes of allowing the FBI to conduct a background investigation as part of his nomination for **Deputy Secretary of Homeland Security** and as produced to or shared with Senate Homeland Security and Governmental Affairs majority staff or any other congressional staff.

---

[1] 5 U.S.C § 552a(b)(3).
[2] *See Am. Oversight v. U.S. Dep't of Just.*, 375 F. Supp. 3d 50 (D.D.C. 2019).

2

3. All records and versions of the FBI background investigation, Form SF-86 and any supporting security clearance documentation, including waiver forms, that were both completed, regardless of completion date(s), by Alejandro Mayorkas or his designees for the purposes of allowing the FBI to conduct a background investigation as part of his nomination for **Director of the United States Citizenship and Immigration Service** and as produced to or shared with Senate Homeland Security and Governmental Affairs majority staff or any other congressional staff.

4. All records and versions of the FBI background investigation, Form SF-86 and any supporting security clearance documentation, including waiver forms, that were both completed, regardless of completion date(s), by Alejandro Mayorkas or his designees for the purposes of allowing the FBI to conduct a background investigation as part of his nomination for **United States Attorney for the Central District of California** and as produced to or shared with Senate Homeland Security and Governmental Affairs majority staff or any other congressional staff.

### III. Processing Requirements

The FBI must comply with the processing guidance in the Attorney General's Memorandum on Freedom of Information Act Guidelines.[3]

### IV. Expedited Processing

AFL requests expedited processing of this request. In support thereof, AFL certifies its compelling need for expedited processing under 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e), which provides in relevant part:

> *(e) Expedited processing. (1) Requests and appeals shall be processed on an expedited basis whenever it is determined that they involve... (ii) An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information: or (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.*

The FBI must grant expedited processing to requests involving an urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information.[4] By this test, AFL should be granted expedited processing. First, several federal agencies have acknowledged

---

[3] U.S. Dep't of Just. (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download.
[4] 5 U.S.C. §§ 552(a)(6)(E)(i)(I), 552(a)(6)(E)(v)(II); *see also* 28 C.F.R. §§ 16.5(e)(ii).

3

AFL is primarily engaged in disseminating information. Second, the background of the Secretary of Homeland Security is assuredly a matter of "actual or alleged Federal Government activity." Third, the common public meaning of "urgency" at the time of § 552(a)(6)(E)(v)(II)'s enactment was "the quality or state of being urgent." The common public meaning of "urgent", in turn, was "requiring or compelling speedy action or attention."[5] The public's interest in preserving the sanctity of our borders cannot be overstated.

As many federal agencies have acknowledged in granting AFL expedited processing, AFL is primarily engaged in disseminating information. Additionally, there is an urgency to inform the public regarding Secretary Mayorkas' background investigation, given his authority over the unprecedented neglect of American borders and his central role in triggering both a massive humanitarian crisis and national security vulnerabilities for every American citizen. Specifically, Secretary Mayorkas has facilitated historic violations of United States immigration law, endangered United States sovereignty by ceding operational control of the United States-Mexico border to Mexican drug cartels, placed Americans at heightened risk of violence and injury as a result of both massive increases in unlawful entries of foreign nationals and the influx of lethal fentanyl, and has been embarrassingly dismissive of this untenable crisis at the border as "nothing new."[6] This is a pressing matter of critical national importance.

Secretary Mayorkas is also likely to be impeached by the United States House of Representatives in 2023 for his above-described gross negligence, thereby failing in his required constitutional duty to "support and defend the Constitution of the United States against all enemies, foreign and domestic."[7] Information about his fitness for his current and past positions, and indeed, even whether he was fit for previous confirmation, is highly relevant to future impeachment proceedings.

Our request also meets the FBI's regulatory test for expedited processing based on a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence. As already discussed, both requirements are met here, because there has been extensive public interest in Secretary Mayorkas and his failure to protect the American people from the dangerous individuals, weapons, and drugs flooding into the United States at

---

[5] The FOIA must be interpreted in accord with the ordinary public meaning of its terms at the time of enactment. *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1738 (2020).

[6] Ron Blitzer, *Mayorkas Says as Many as 12K Out of 17K Migrants Have Been Released Into Us, and 'It Could Be Higher'*, FOX NEWS, Sept. 26, 2021, https://tinyurl.com/yfeh2jn5.

[7] AP, *Mayorkas Takes Oath as Homeland Security Chief*, YOUTUBE (Feb. 2, 2021), https://tinyurl.com/b64yn4m9.

4

unprecedented rates. This request seeks to expose those circumstances to public inspection before irreparable harm is done to the nation's interest and in violation of the law. AFL is an organization engaged in gathering, analyzing, and disseminating information, and there is great urgency to inform the public concerning events of intense public interest. Moreover, the allegations at hand go directly to public confidence in the integrity of the government. For these reasons, our expedited processing request should be granted.

In fact, the impending impeachment of Secretary Mayorkas, in itself, is sufficient to justify our request for expedited processing. The information contained in Secretary Mayorkas's previous FBI background investigations is vital to exploring his alleged fitness to hold his current office. The District Court of the District of Columbia has held that expedited processing is appropriate where the information is closely related to an ongoing impeachment inquiry if the purpose of the request is "to inform the public on a matter of extreme national concern" because "[o]nly an informed electorate can develop its opinions and persuasively petition its elected officials to act in ways which further the aims of those opinions."[8] Furthermore, the FBI should grant AFL expedited processing under the department's expanded regulatory test for matters of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence, even if it concludes AFL fails the statutory test.[9] The issue of government failing to secure our own borders and fueling increased threats to the homeland has become a major concern of the American people.[10] Accordingly, AFL's expedited processing request should be granted.

Expedited processing in this case also would not significantly delay other requests given the very specific and easily locatable nature of AFL's FOIA requests and the extremely limited time window. Finally, by way of this letter, AFL certifies its compelling need for expedited processing for the purposes of 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e)(3).

---

[8] *Ctr. for Pub. Integrity v. United States Dep't of Def.*, 411 F. Supp. 3d 5, 10 (D.D.C. 2019) (granting the expedited processing where information sought by a nonprofit, non-advocacy, independent journalism organization "inform[s] an imminent public debate" related to impeachment inquiry); *see also Am. Oversight v. U.S. Dep't of State*, No. 19-cv-2934-CRC, 414 F.Supp.3d 182, 2019 WL 5665930 (D.D.C. Oct. 25, 2019).

[9] *See* 28 C.F.R. § 16.5(e)(1)(iv).

[10] *See e.g.*, R. Cort Kirkwood, *Democrat Donors Inside FBI Ran Biden Laptop Censorship Operation*, NEW AMERICAN (Oct. 12, 2022), https://bit.ly/3DjrpXD.

5

## V. Fee Waiver

Per 5 U.S.C. § 552(a)(4)(A)(iii) and 7 CFR § 1.12(o), AFL requests a waiver of all search and duplication fees associated with this request. We believe AFL's non-commercial commitment to public education and transparency justifies this fee waiver. We are, of course, available to provide additional information in writing or offline in support of this request.

## VI. Production

To accelerate release of responsive records, AFL welcomes production on an agreed rolling basis.

If possible, please provide responsive records in an electronic format by email. Alternatively, please provide responsive records in native format or in PDF format on a USB drive. Please send any responsive records being transmitted by mail to America First Legal Foundation, 611 Pennsylvania Ave SE #231, Washington, DC 20003.

## VII. Conclusion

If you have any questions about how to construe this request for records or believe further discussions regarding search and processing would facilitate a more efficient production of records of interest to AFL, please do not hesitate to contact me at FOIA@aflegal.org. Finally, if AFL's request for a fee waiver is not granted in full, please contact us immediately upon making that determination.

                Sincerely,

                            /s/ Michael Ding
                            America First Legal Foundation