UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>*Defendants*. | Civil Action No. 23-2172 (BAH) |

# Exhibit E



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Michael Ding
America First Legal Foundation
Number 231
611 Pennsylvania Avenue SE
Washington, DC 20003

June 16, 2023

Re:  Appeal No. A-2023-01067
     Request No. 1578086-000
     EH:MGS

foia@aflegal.org

**VIA: Email**

Dear Michael Ding:

You appealed from the action of the Federal Bureau of Investigation (FBI) on your Freedom of Information Act request for access to records concerning FBI background investigations, Form SF-86 and any supporting security clearance documentation of Alejandro Mayorkas, as produced to or shared with Senate Homeland Security and Governmental Affairs majority staff or any other congressional staff.  I note that your appeal concerns the FBI's denial of your request.

After carefully considering your appeal, I am affirming the FBI's action on your request.  The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  To the extent that non-public responsive records exist, disclosure of such records, including law enforcement records, concerning a third-party individual would constitute a clearly unwarranted invasion of personal privacy, and could reasonably be expected to constitute an unwarranted invasion of personal privacy.  See 5 U.S.C. § 552(b)(6), (7)(C). Further, it is reasonably foreseeable that releasing any non-public records, to the extent such records exist, would harm the interests protected by these exemptions.  Because any non-public records responsive to your request would be categorically exempt from disclosure, the FBI properly asserted these exemptions and was not required to conduct a search for the requested records.  See, e.g., DOJ v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 780 (1989) (holding "as a categorical matter" pursuant to Exemption 7(C) that release of investigatory records concerning a third party "can reasonably be expected to invade" that person's privacy and that such an invasion is unwarranted in the absence of an overriding public

interest).

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office and speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

*Matthew W. Hurd*

X _____

Matthew W. Hurd,
Chief, Administrative Appeals Staff