UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FIRST LEGAL FOUNDATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>　　　　Defendants. | Civil Action No. 23-2172 (BAH) |

**DEFENDANTS' REPLY IN FURTHER SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1

    I.       The FBI Performed a Reasonable Search. ............................................................... 1

    II.      The FBI Properly Withheld Information Exempted by FOIA Exemption 5. .......... 4

    III.     The FBI's Withholdings Pursuant to Exemptions 6 and 7(C) Are Proper. ............ 6

    IV.     All Issues are Ripe for the Court's Decision-Making. ............................................ 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

Cases

*Citizens for Resp. & Ethics in Wash. v. Dep't of Just.* ("*CREW I*"),
    746 F.3d 1082 (D.C. Cir. 2014) ................................................................................................ 7

*Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*,
    656 F.2d 856 (D.C. Cir. 1981) ............................................................................................. 8, 9

*In re Sealed Case*,
    121 F.3d 729 (D.C. Cir. 1997) ............................................................................................. 6, 7

*Kowalczyk v. Dep't of Just.*,
    73 F.3d 386 (D.C. Cir. 1996) ........................................................................................ 4, 5, 6

*Stein v. CIA*,
    454 F. Supp. 3d (D.D.C. 2020) ........................................................................................... 7, 8

*Tax Analysts v. IRS,*
    117 F.3d 607 (D.C. Cir. 1997) ................................................................................................ 4

*Wright v. FBI*,
    Civ. A. No. 18-0687 (TSC), 2023 WL 6121872 (D.D.C. Sept. 19, 2023) ................................ 4

Defendants, the Department of Justice (the "Department") and its component, the Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, submit the following reply in further support of their motion for summary judgment (ECF Nos. 17, 18). Plaintiff's opposition to Defendants' motion for summary judgment offers no persuasive basis for this Court to deny Defendants summary judgment. Defendants conducted a reasonable search of the FBI records at issue and appropriately withheld information under Freedom of Information Act ("FOIA") Exemptions 5, 6, and 7(C). On the remaining withholdings under FOIA Exemptions 1, 3, 5, 6, 7(C), 7(D), and 7(E), Plaintiff has asked the Court to stay its determination. Nonetheless, for the reasons explained in Defendants' motion, there is no basis for the Court to postpone its determination that the FBI has also properly withheld exempted information pursuant to FOIA Exemptions 1, 3, 5, 6, 7(C), 7(D), and 7(E). *See* Mot. (ECF No. 18) at 22-35. For the reasons explained below, in Defendants' motion for summary judgment, and in the supporting Michael G. Seidel declarations, the Court should grant Defendants' motion for summary judgment.

## ARGUMENT

**I.   The FBI Performed a Reasonable Search.**

As previously explained in Defendants' motion, Plaintiff sought the FBI's background investigation of Alejandro Mayorkas in connection with his then pending Presidential appointment to the position of Secretary for the Department of Homeland Security. Mot. (ECF No. 18) at 4-9. Based on Plaintiff's request, the FBI searched its Central Records Systems, which given the comprehensive nature of the information of the information contained therein, *see* Michael G. Seidel Decl. (ECF No. 18-1) ¶ 13, the Central Records System is the FBI system where responsive records would reasonably be expected to be found. *Id*. ¶ 12. In opposition, Plaintiff suggests (1) that the FBI did not search records spanning longer than the most recent session of Congress, and (2) that the FBI should have searched materials involving communications with Congress or

Congressional Staff. *See* Pl.'s Opp'n (ECF No. 19) at 5-6. Plaintiff is incorrect that the FBI's search efforts only included the most recent session of Congress, and that the FBI did not search its records for communications with Congress. Despite Plaintiff's arguments, the FBI performed a reasonable search.

As noted in the Seidel Declaration, Plaintiff requested four categories of documents, including all records and versions of the FBI background investigation, Form SF-86, and any supporting security clearance documentation, including waiver forms, that were both completed, regardless of completion dates, by Alejandro Mayorkas for the purposes of allowing FBI to conduct a background investigation as part of his nomination for (1) the Secretary of Homeland Security; (2) the Deputy Secretary of Homeland Security; (3) the Director of the United States Citizenship and Immigration Service; and (4) the United States Attorney for the Central District of California and as produced to or shared with the Senate Homeland Security and Governmental Affairs majority staff or any other congressional staff. *See* Seidel Decl. (ECF No. 18-1) ¶ 5. Based on Plaintiff's four-part request, the FBI searched its Central Records System, which contains general indices. *See id.* ¶ 15. The FBI determined that a search of the Central Records System's automated indices, available within Sentinel, which is the FBI's case management system since July 1, 2012, *see id.* ¶ 16, represented the most reasonable means for the FBI to locate records potentially responsive to Plaintiff's FOIA request. *See id.* ¶ 19. In searching, the FBI employed the term "Alejandro Mayorkas" with a cutoff date of September 22, 2023, the FBI's initial search date for records. *See id.* ¶ 20. Given that Alejandro Mayorkas was sworn in as the Secretary of the Department of Homeland Security on February 2, 2021, see https://www.dhs.gov/person/alejandro-mayorkas), the FBI's cut-off date in September 2023 would have captured all potentially responsive records. Plaintiff is incorrect that the FBI only searched for records within

the most recent session of Congress. Indeed, the FBI employed no starting date; rather, it employed only one term: "Alejandro Mayorkas." And the FBI's search employed a search for main entries in Sentinel, which captures the entirety of the FBI's records. *See id*. ¶ 16. The Seidel Declaration explains that the FBI did not employ any search term limiting its search to the "most recent session Congress" or any other date limitation, other than the search cut-off date of September 23, 2023, which was the date that the FBI conducted the search. On these facts, there is no basis to suggest that the FBI's search was anything but reasonable.

Plaintiff's second argument—that the FBI did not search email records or communications with Congress or Congressional Staff—is similarly misplaced. As explained in the third chart of the Seidel Declaration, *see* Seidel Decl. ¶ 46, various types of records are found within the background investigation file (the files contained within the Central Records System that FBI searched). Electronic mail messages (or emails) are documents found within the background investigation file and consist of communications between FBI personnel, between FBI personnel and private citizens and corporations, between FBI personnel and other government agency personnel, or between FBI personnel and state and local law enforcement agencies. *See* Mot. at 12-13; Seidel Decl. ¶ 46. On this basis, the FBI conducted a reasonable search of its records, which consisted of the background investigation files and which contained emails that FBI personnel transmitted in connection with the background investigation file.

Further, Plaintiff's FOIA request was for all records and versions of the FBI background investigation, Form SF-86, and any supporting security clearance documentation, including waiver forms, that were both completed, regardless of completion dates, by Alejandro Mayorkas. *See* Seidel Decl. ¶ 5. Contrary to Plaintiff's assertion that it requested materials that involved communications with Congress or Congressional Staff, there is nothing in Plaintiff's FOIA request

to suggest that it requested communications with Congress. From the face of Plaintiff's FOIA request, the categories of documents requested were clear and consisted of (1) the FBI's background investigation materials and (2) the Form SF-86 and any supporting security clearance documentation completed by Alejandro Mayorkas. *See* Seidel Decl. ¶ 5. Plaintiff made no mention of emails between FBI personnel and outside Congressional Staff. More specifically, Plaintiff made no mention of the specific document types it requested to allow the FBI to conduct more directed searches of specific locations and offices.

Armed with the information Plaintiff provided—i.e., a request for "FBI's background investigation materials"—the FBI conducted an adequate search by utilizing a term "Alejandro Mayorkas" in its Central Records System. As has been recognized by the D.C. Circuit, "[a] request reasonably describes records if the agency is able to determine precisely what records are being requested." *Tax Analysts v. IRS,* 117 F.3d 607, 610 (D.C. Cir. 1997). Because Plaintiff requested the background investigation materials and forms completed by Alejandro Mayorkas, and the FBI conducted a text search of its Central Records System, which included emails as described in the Seidel Declaration, the FBI conducted a reasonable search. Without more specific details as to Plaintiff's requested materials, including that it sought emails with the Office of Congressional Affairs as indicated for the first time in its opposition brief, the FBI reasonably responded to the "broader, less specific inquiry by searching the FBI-wide records available." *Wright v. FBI*, Civ. A. No. 18-0687 (TSC), 2023 WL 6121872, at *6 (D.D.C. Sept. 19, 2023). The FBI was therefore, "not obligated to look beyond the four corners of the request for leads to the location of responsive documents." *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 389 (D.C. Cir. 1996).

II.     **The FBI Properly Withheld Information Exempted by FOIA Exemption 5.**

In response to the FBI's categorial withholding of information pursuant to Exemption 5, Plaintiff makes two arguments. *See* Pl.'s Opp'n at 6. First, Plaintiff argues that because the FBI

provided the results of the background investigation to Congress, FBI's communication with Congress is not an "intra-agency" communication, as applicable under Exemption 5. *See id*. at 7. Second, Plaintiff argues that there is no executive privilege that attaches to the records of a President Elect. *See id*. at 8. Plaintiff is mistaken on both arguments.

As to the former argument, Defendants do not argue that the FBI's communications with Congress are exempted from disclosure by Exemption 5. Rather, as explained in Defendants' motion, the FBI invoked Exemption 5 to withhold information contained within the background investigation files of Mr. Mayorkas because the information was prepared to assist the President-Elect with his decision-making process. *See* Mot. at 14-15; Seidel Decl. ¶¶ 24, 31. To this end, the Department of Justice entered into a revised Memorandum of Understanding with then President-Elect Joseph R. Biden, Jr., on November 24, 2020, regarding the FBI background investigations of candidates for high-level national security positions in a new presidential administration. *See* Seidel Decl. ¶ 31; *Id.* at Ex. G (ECF No. 18-8) (Mem. of Understanding). The background files at issue were requested on behalf of, and provided to, the Office of the President-Elect, not Congress. *See* Mot. at 15; Seidel Decl. ¶ 32. As described in the Supplemental Declaration of Michael G. Seidel ("Seidel Supp. Decl."), attached hereto, the FBI did not share the background material directly with Congress, nor did it have any direct contact with Congress. *See* Seidel Supp. Decl. ¶ 4. The background investigation was initiated pursuant to the previously referenced Memorandum of Understanding and upon completion of the Level I background investigation of Mr. Mayorkas, the FBI sent the background investigation material to the Personnel Security Group at the Department of Justice, on December 22, 2020, to the attention of the Assistant Director of the Presidential Transition Team. *See id*. The FBI then sent a supplemental

document to the same personnel on January 5, 2021.  On these facts, Plaintiff is simply mistaken that the FBI cannot withhold information pursuant to Exemption 5.

Plaintiff's second argument with respect to Exemption 5 is that the FBI cannot claim the executive privilege applies to a President-Elect.  Again, Plaintiff is mistaken.  As Defendant's motion explained, the information provided to the Department of Justice to the Office of the President-Elect through a Memorandum of Understanding was relied upon by decisionmakers after then-President-Elect Biden was sworn in as President.  *See* Mot. at 15; Seidel Decl. ¶ 32.  And the background investigation files relate to a decision only President Biden could make—whether to nominate Mr. Mayorkas for a cabinet position and whether he was qualified to hold a security clearance.  *See id.*  On these facts, the FBI properly invoked the presidential communications privilege.  *See In re Sealed Case*, 121 F.3d 729, 751-52 (D.C. Cir. 1997) (the privilege applies to "communications authored or solicited and received by [] members of an immediate White House adviser's staff who have broad and significant responsibility for investigating and formulating the advice to be given the President on the particular matter to which the communications relate.").

### III. The FBI's Withholdings Pursuant to Exemptions 6 and 7(C) Are Proper.

Plaintiff also argues that with respect to Exemptions 6 and 7(C), the FBI improperly withheld information contained in the background investigation materials because, according to Plaintiff, much of the file pertains to Mr. Mayorkas' exercise of statutory duties and authority as an agent of the United States in prior roles and that those sections are not records of a private citizen.  *See* Pl.'s Opp'n at 10-12.  As explained in Defendants' motion, however, under the balancing test applied to Exemption 6, the balancing tipped in favor of non-disclosure of the records because the background investigation materials detailed the life events of a significant portion of Mr. Mayorkas' life. Mot. at 17.  Indeed, the background investigation files that the FBI compiled consisted of several types of personal information, including the interviews of him, as

the appointee, his neighbors, references, employers, supervisors, coworkers; searches and results of government agency database records checks; and medical and financial records detailing every aspect of his past health and financial history. *Id*.; *see also* Seidel Decl. ¶ 25. As such, the FBI reasonably determined that the disclosure of this information would constitute a substantial intrusion into his personal privacy. *See* Seidel Decl. ¶ 41.

Plaintiff counters that a privacy interest alone is not enough to prevent disclosure because as Plaintiff tells it, "much of the file pertains to [Mayorkas'] exercise of statutory duties and authority as an agent of the United States in prior roles." *See* Pl.'s Opp'n at 11. Not so. As the FBI has previously articulated, it determined that the nature of the underlying documents in the background investigation file, consisted of detailed personal information (as described above), the release of which would constitute an invasion of Mr. Mayorkas' personal privacy. That Mr. Mayorkas had previously served in public capacities does not diminish the significant privacy interest at stake in the files the FBI maintained because the very nature of the underlying documents is personal, private information consisting of detailed personal information such as interviews of him, his neighbors, references, employers, supervisors, and coworkers; searches and results of government agency database records checks; and medical and financial records. The types of records maintained by the FBI clearly implicate substantial personal privacy interests. *See Stein v. CIA*, 454 F. Supp. 3d 1, 30 (D.D.C. 2020) (records of an individual's security clearances implicate a "substantial privacy interest" because they "reveal significant personal data" about the individual).

Against this substantial privacy interest, the FBI also considered whether the public had a right to know. Indeed, FOIA protects the public's right to know how agencies carry out "their . . . statutory duties," not its right to learn what the subjects of law-enforcement investigations are "up

to." *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 746 F.3d 1082, 1093 (D.C. Cir. 2014) ("*CREW I*"). This is true even when the underlying subject works for the federal government. *See id.* On this record, there is no evidence of any wrongdoing or impropriety by the FBI or other federal government agency concerning the background investigation process. The only relevant public interest relevant to this inquiry "is the extent to which the records would 'contribut[e] significantly to the public understanding of *the operations or activities of the government*." *Stein*, 454 F. Supp. at 30 (emphasis in original).

In its opposition, Plaintiff points to nothing, other than a generalized conjecture that "the FBI has repeatedly violated the Paperwork Reduction Act, the Privacy Act, and the FBI's own Manual of Investigative Operations and Guidelines in its conduct of background investigations." Pl.'s Opp'n at 11-12.[1] Besides Plaintiff's conjecture, Plaintiff points to nothing that suggests that the FBI's conduct in the background investigation of Mr. Mayorkas was improperly, which would warrant disclosure. There is no evidence in the record that the FBI committed any wrongdoing in Mr. Mayorkas's background investigation to warrant the disclosure of highly personal and sensitive materials into the minutiae of his life. Finally, Plaintiff's suggestion that the "character and background of the Secretary are key factors in the Department's operations," Pl's Opp'n at 12, and that "Mr. Mayorkas is not any ordinary government official," *id.*, are insufficient to serve as bases to warrant disclosure. This argument lacks merit because the withheld personal information would add little to nothing to the public's understanding of the FBI's operations and activities on background investigation, apart from satisfying Plaintiff's curiosity. *See Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 866 (D.C. Cir. 1981) (legitimate and

---

[1] Plaintiff cites a letter written by its own General Counsel to a member of Congress as "evidence" of this generalized "wrongdoing."

substantial privacy interests cannot be overridden by public curiosity). On balance, the FBI correctly determined that the privacy interests of Alejandro Mayorkas outweighed the public interest in disclosure.

## IV.     All Issues are Ripe for the Court's Decision-Making.

As its final argument, Plaintiff suggests that the Court should withhold judgment on the remaining withholdings under FOIA Exemptions 1, 3, 5, 6, 7(C), 7(D), and 7(E). Pl.'s Opp'n at 15. As justification for this position, Plaintiff argues that Defendants have failed to justify the remaining redactions with enough detail to allow them to be evaluated or to determine whether foreseeable harm would result from release. *Id.* Plaintiff also suggests that the appropriateness of the redactions should be reserved after further briefing. In support of its motion for summary judgment, Defendants filed a thirty-seven-page memorandum in support of their motion, in addition to an incredibly detailed sixty-one-page declaration in support of the memorandum, by Michael G. Seidel, Section Chief of the Record/Information Dissemination Section, Information Management Division of the FBI. Plaintiff's argument that further briefing is warranted because Defendants' position lacks adequate detail is not only misplaced but entirely overlooks the significant scope and level of detailed analysis Defendants have offered in support of their motion for summary judgment. As such, the Court should decline to pause any decision on the FBI's remaining withholdings that are thoroughly detailed in Defendants' memorandum in support of their motion for summary judgment and accompanying declaration.

\* \* \*

## CONCLUSION

For these reasons, the Court should grant Defendants' motion for summary judgment and dismiss this action.

Dated: September 4, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:   */s/ Dedra S. Curteman*
DEDRA S. CURTEMAN,
D.C. Bar #90021492
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2550

*Counsel for the United States of America*